UNITED STATES of America,
Plaintiff-Appellee,

v.

Errol Ricardo BIZZARD,
Defendant-Appellant.

Nos. 81–7403 to 81–7406.

United States Court of Appeals,
Eleventh Circuit.

May 6, 1982.

James F. Ponsoldt, Athens, Ga. (Court appointed), for defendant-appellant.

Melissa S. Mundell, Joseph D. Newman, Asst. U. S. Attys., Augusta, Ga., for plaintiff-appellee.

Before RONEY and JOHNSON, Circuit Judges, and PITTMAN *, District Judge.

RONEY, Circuit Judge:

Convicted of aggravated bank robbery, defendant raises on this appeal multiple points involving double jeopardy, speedy trial, and *Brady* issues, the admissibility, failure to admit, and sufficiency of evidence, prosecutorial misconduct, and jury instructions. The district court, 493 F.Supp. 1084, having committed no reversible errors, we affirm.

On May 26, 1978, the defendant and an accomplice robbed a bank in Savannah, Georgia. The two men fled from the bank on foot, one of them carrying a pillowcase containing the stolen money. The accomplice was immediately arrested by police. The defendant escaped capture at that time. The accomplice informed FBI agents that the defendant had been his cohort in the bank robbery. He described the defendant, called him by his street name, "Hip," identified a photograph of him, and gave his address. Based on this information a warrant was obtained for the arrest of Bizzard. The defendant was found at his parents' home by the agents and voluntarily accompanied them to the FBI office where he denied his involvement in the robbery.

Defendant Bizzard was convicted and sentenced to 20 years imprisonment. This Court reversed the conviction, finding the trial court in its instructions to the jury had fatally amended the indictment, and remanded the case for retrial. *United States v. Bizzard,* 615 F.2d 1080 (5th Cir. 1980). The Court specifically noted that double jeopardy would not bar retrial. 615 F.2d at 1082. On retrial, the jury returned a verdict of guilty, and defendant was sentenced to 15 years imprisonment. Four separate appeals filed by defendant were consolidat-

* The Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama sitting by designation.

ed by order of this Court.[1] The defendant raises a number of challenges. Although many border on the frivolous and merit little discussion, we will address each point made by defendant.

### Double Jeopardy

There are two issues on defendant's claim of double jeopardy. The first issue is whether the district court had jurisdiction to try defendant after he filed a notice of appeal from the denial of his double jeopardy motion.

*Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), held a defendant was entitled to appellate review of a double jeopardy claim prior to trial. *See* 28 U.S.C.A. § 1292. In *United States v. Dunbar*, 611 F.2d 985 (5th Cir.) (en banc), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980), this Court dealt with the issue of jurisdiction of the trial court after notice of appeal was filed on the denial of a double jeopardy claim.[2] *Dunbar* held that if a double jeopardy claim was found by the district court to be frivolous, the filing of a notice of appeal would not divest the district court of jurisdiction to try the case.

After a reversal by this Court of defendant's first conviction, 615 F.2d 1080 (5th Cir. 1980), he filed a double jeopardy motion to bar a retrial. Although the trial court denied the motion, it held the claim nonfrivolous. A notice of appeal filed August 1, 1980 suspended the trial. In January 1981, however, the defendant voluntarily dismissed his appeal, and this Court remanded the case for trial without prejudice to defendant's later assertion of the double jeopardy claim. *United States v. Bizzard*, No. 80–7571 (5th Cir., Jan. 27, 1981). After a new trial was scheduled for April 14, 1981, defendant brought a new double jeopardy motion. This time when the district court denied the motion, it held the claim frivolous.

■ Although that finding by the district court presents some difficulty because the second motion included grounds previously held nonfrivolous, we think the district court acted reasonably within its authority. On the second motion, the court held an evidentiary hearing not available on the first hearing. The finding of frivolousness applied to all grounds asserted, and therefore modified the earlier ruling to the contrary.

The spirit of *Dunbar*, if not the letter, would permit the district court to take into consideration the previous procedural activity of the defendant, which would indicate a frivolous approach to the procedural problems in the orderly administration of justice. Clearly the *Abney* right to appeal before trial can be waived. The double jeopardy claim is not lost for failure to assert it on an interlocutory appeal. Where a defendant notices an appeal, suspends the trial, then dismisses the appeal, we would have no trouble upholding a district court's decision that the *Abney* right has been waived, that a defendant could not "toy" with the court's processes in this manner and defendant should be left to assert the double jeopardy claim on appeal after trial.

We hold therefore the district court had jurisdiction under *Dunbar* to conduct the trial.

As to the merits of the double jeopardy claim, defendant makes two arguments: (1) the double jeopardy clause precludes retrial since the evidence in the first trial was insufficient to convict defendant, and (2) prosecutorial misconduct at the first trial bars retrial.

---

1. No. 81–7403—Appeal from conviction and sentence (May 1, 1981).

   No. 81–7404—Appeal from Arrest of Judgment and Stay for Lack of Jurisdiction (May 1, 1981).

   No. 81–7405—Appeal from Denial of Amended Double Jeopardy Motion (April 8, 1981).

   No. 81–7406—Appeal from Denial of Original Double Jeopardy Motion (August 6, 1980).

2. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

■ The double jeopardy clause does preclude a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Although argued on the prior appeal, the appellate court neither decided there was insufficient evidence, nor specifically addressed the point. Since the issue was argued in the main brief and specifically asserted on the petition for rehearing, however, the panel must have determined there was sufficient evidence to support the verdict in order to remand the case for retrial. We are bound by that prior panel decision.

This same reasoning disposes of defendant's second double jeopardy argument. The point was argued in the prior appeal and relief was denied.

Even if a prior panel of this Court had not passed on these matters, neither argument could be sustained. The evidence in the prior trial was sufficient, and the prosecutorial action did not rise to the level of misconduct required to bar retrial. *See United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976); *United States v. Jorn*, 400 U.S. 470, 485 n.12, 91 S.Ct. 547, 557 n.12, 27 L.Ed.2d 543 (1971). Defendant's motion to dismiss was properly denied by the district court.

### Speedy Trial

■ Defendant's argument that the "thirty-four month delay between defendant's arrest and trial deprived him of his right to a speedy trial and due process of law" is duplicitous. Approximately 28 months of that time were attributable to the appellate procedures initiated by defendant. The time between a conviction and a reversal which requires retrial is clearly not counted for speedy trial purposes. *See United States v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Neither is the time taken by stays or continuances sought by a defendant. *See United States v. Hill*, 622 F.2d 900 (5th Cir. 1980). Much of the time consumed before the second trial is attributable to the neces-

sary procedures caused by motions filed by defendant, often on the eve of trial. Defendant evidenced little interest in his speedy trial rights until February 6, 1981. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). He was retried on April 14, 1981. The district court properly refused to dismiss the indictment on speedy trial and due process grounds.

### Proof of Federally Insured Bank

■ To establish federal jurisdiction, the Government had to show that the bank was insured by the Federal Deposit Insurance Certificate (FDIC) at the time of the robbery. The Government introduced the bank's certificate and a check reflecting the payment for insurance coverage existing at the time of the robbery. Proof of the certificate alone was sufficient to establish the bank's insured status where there was no evidence offered by the defendant to the contrary. *United States v. Baldwin*, 644 F.2d 381, 385 (5th Cir. 1981). A review of the transcript reveals that defendant's argument that the certificate was not properly admitted is frivolous.

### Brady Material

■ Contrary to defendant's position that the court improperly precluded discovery of relevant evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the trial court properly conducted an *in camera* inspection of an FBI agent's personnel file in response to defendant's discovery request, and determined that nothing in the file would in any way relate to or have any bearing upon the agent's credibility or substantive testimony. Thus the file contained no *Brady* material, that is, material that would be favorable to the defense or might have affected the outcome of the trial. *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397–2398, 49 L.Ed.2d 342 (1975); *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2567–2568, 33 L.Ed.2d 706, *reh. denied*, 409 U.S. 897, 93 S.Ct. 87, 34 L.Ed.2d 155 (1972); *United States v. Anderson*, 574 F.2d 1347, 1353 (5th Cir. 1978).

### Department of Justice Judicial Administration

The district court quashed a subpoena by which defendant attempted to call as a witness a former employee of the Department of Justice. Although defendant was aware of the regulations prohibiting a former Department employee from testifying as to information acquired during the performance of his official duties without prior approval of the Attorney General, he failed to comply with them. To obtain approval an affidavit or a statement to the local United States Attorney setting forth a summary of the desired testimony is required. 28 C.F.R. § 16.21 et seq. (1980).

■ Defendant's argument that these regulations are unconstitutional under the Fifth and Sixth Amendments overlooks the case of *United States v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), which has upheld such regulations. The argument that the regulations conflict with Rule 509 of the Federal Rules of Evidence fails because there is no such rule. Defendant apparently has made reference to the 13 separate rules on privilege that were promulgated by the Supreme Court and submitted to Congress for its consideration. *See C. Wright & E. Graham Federal Practice and Procedure* § 5421 et seq. (1980); 2 *Weinstein's Evidence* § 501[01] et seq. (1980). These proposed rules were rejected by Congress and never enacted as law.

### Use of Prior Testimony from Former Trial

■ The Government was allowed to introduce the transcript of testimony of a witness given at the first trial. Although the court could have more clearly ordered the witness to testify, the record shows that the court's conversation with the witness in an out of jury hearing at the second trial was sufficient to meet the order requirement of Fed.R.Evid. 804(a)(2). Thus the court was correct in deciding that the witness was "unavailable" because of his persistent refusal to testify after an "order" of the court to do so. No written order is necessary. *Cf. United States v. Zappola*, 646 F.2d 48 (2d Cir. 1981); *United States v. Oliver*, 626 F.2d 254 (2d Cir. 1980) (order from court essential requisite to invocation of Rule 804(a)(2)).

■ Defense counsel had an adequate opportunity to cross-examine the witness at a prior trial and had available, if he had chosen to use it, a deposition he had taken subsequent to the first trial. The testimony met the requirements for not excluding former testimony under the hearsay exception provided in Fed.R.Evid. 804(b)(1). *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *United States v. Mobley*, 421 F.2d 345 (5th Cir. 1970).

### Admissibility of Medical Questionnaire

To refute eyewitness description of the robber, defendant sought to prove he walked with a limp at the time of the robbery. To bolster his claim of lameness, defendant's counsel questioned him about a medical questionnaire which had been filled out while incarcerated in a federal penitentiary after this conviction but before the reversal.

■ The district court properly excluded the testimony and document. Although defendant contends the purpose of the inquiry was not to prove lameness, he concedes the idea was to support defendant's testimony that he consistently claimed lameness. For that purpose, the statement so long after the robbery is self-serving and has no more indicia of reliability than defendant's testimony at trial. Contrary to the situation in *United States v. Parry*, 649 F.2d 292 (5th Cir. 1981), the relevance to the point in issue is not whether defendant thought he was lame or claimed lameness, but whether he in fact was lame.

### Legality of Arrest

Defendant asserts that his statement and fingerprints taken at the time of arrest should have been suppressed because the affidavit supporting the arrest warrant was based on unreliable hearsay information.

In *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court upheld the rule that an affidavit may be based on hearsay information and need not be based on the personal observation of the affiant. It established, however, a two-part test for such an affidavit. First, the magistrate must be informed of underlying circumstances from which the informant concluded that criminal activity had taken place. Second, the magistrate must be informed of the underlying circumstances which establish that the informant was credible and the information reliable. *United States v. Martin,* 615 F.2d 318 (5th Cir. 1980).

The facts recited in the affidavit showed the informant personally observed the criminal activity and participated as an accomplice. This sufficiently reflects the basis of the informant's conclusion that a crime had occurred. *United States v. Ashley,* 569 F.2d 975, 981 (5th Cir.), *cert. denied,* 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978).

Sufficient corroborative facts are presented in the affidavit to establish the credibility of the informant and the reliability of his information. *United States v. Squella-Avendano,* 447 F.2d 575 (5th Cir.), *cert. denied,* 404 U.S. 985, 92 S.Ct. 450, 30 L.Ed.2d 369 (1971). The date of the robbery related by the informant was verified by the bank's manager. The informant referred to Bizzard as "Hip," an alias known to the police through their own records. The informant correctly identified a photograph of Bizzard. Contrary to defendant's argument the informant's tip was against his penal interest since he was giving the name of a witness to the crime to which he had previously confessed. A statement against penal interest is "one of many cumulating factors to be considered." *United States v. Ashley,* 569 F.2d at 982. Defendant's reliance on *United States v. Sarmiento-Perez,* 633 F.2d 1092 (5th Cir. 1981), reflects a misunderstanding of the law. The standard for using hearsay to determine probable cause for warrant purposes and that for determining admissibility of hearsay evidence are substantially different.

### Fingerprint Evidence

Defendant's contentions concerning an unexplained four-week period between the time fingerprint impressions were taken from the bank and the time they arrived in the FBI laboratory in Washington go not to the admissibility of the evidence but to the weight to be accorded by the jury to the sufficiency of proof of chain of custody. *United States v. White,* 569 F.2d 263, 266 (5th Cir.), *cert. denied,* 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 149 (1978).

### Failure of Government to Stipulate Facts

Defendant asserts the Government refused to stipulate to results from an FBI test of a shirt, which refusal unfairly required defense counsel to examine a hostile FBI witness to prove negative test results. That witness was permitted to conduct an informal neck size comparison of two shirts allegedly worn by defendant during and immediately after the robbery. Defendant contends the trial court improperly allowed this conduct. The Government is not bound to stipulate to facts unless the prejudicial aspects of the testimony in context outweighs its probative value. *United States v. DeJohn,* 638 F.2d 1048, 1053 (7th Cir. 1981). Since the test testimony was favorable to defendant and the neck size comparison, arguably prejudicial, could easily have been performed by the jurors, no unfair prejudice occurred to the extent required to bind the Government to stipulate to facts.

### Sequestration Rule Violation

Early in the trial it was revealed that three witnesses had read testimony given at a prior trial. The trial judge found there had been no "damage, prejudice, or harm" and emphasized that defense counsel would be afforded the right to thoroughly cross-examine each witness. Where a witness is alleged to have violated the sequestration rule, whether or not the witness shall testify is left to the sound discre-

tion of the trial court. *United States v. Walker*, 613 F.2d 1349, 1355 n.11 (5th Cir.), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2172, 64 L.Ed.2d 800 (1980); *United States v. Suarez*, 487 F.2d 236, 238 (5th Cir. 1973), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1572, 39 L.Ed.2d 878 (1974). Contrary to defendant's argument, the trial judge took proper precautions to ensure that the defendant had suffered no prejudice as a result of this technical violation of the sequestration rule. The motion for mistrial on this ground was properly denied.

### Prosecutor's Closing Argument

■ Defendant's argument that reversal is required because of the prosecutor's closing argument is frivolous. The only objection at trial was properly overruled when the court interpreted the comment as a suggestion, not the expression of an opinion. It is no ground for reversal that a prosecutor misstates the evidence, where no objection is made and the jurors are properly instructed that they are to rely on their own recollection of the evidence.

### Jury Instructions

■ Although no objection was made at trial to the charge as given, defendant asserts on appeal that the trial court improperly denied requested jury instructions which "precisely and specifically" detailed the theory of his case. "In reviewing the adequacy of a jury instruction the appellate court must examine the entire charge and determine whether, taken as a whole, the issues and law presented to the jury were adequate." *Davis v. McAllister*, 631 F.2d 1256, 1260 (5th Cir. 1980), *cert. denied*, 452 U.S. 907, 101 S.Ct. 3035, 69 L.Ed.2d 409 (1981). The record reveals that the judge adequately summarized the factual controversies and defendant's theory of defense. The mere failure to recite the jury instructions in the precise language requested by defendant is not error where, as here, the instructions are otherwise sufficient. *See McAllister*, 631 F.2d at 1256.

We have carefully reviewed every argument and suggested argument made in the overlength brief, in the text and in footnotes, whether clear or opaque. No argument, oral or written, has been overlooked. Any point not mentioned above is meritless and deserves no comment.

AFFIRMED.