**In re Errol Ricardo BIZZARD.**

**Civ. A. No. 482–534.**

United States District Court,
S.D. Georgia,
Augusta Division.

March 21, 1983.

Errol Ricardo Bizzard, pro se.

## ORDER

BOWEN, District Judge.

Errol Ricardo Bizzard has filed in this Court a Motion to Vacate, Set Aside, or Correct Illegal Sentence by a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255. The history of this case is somewhat complicated, and should be outlined at this time.

Movant first was convicted in a jury trial conducted before Chief Judge Alaimo of the Southern District of Georgia. That conviction was reversed by the Court of Appeals for the Fifth Circuit in 1980 because the trial court in its instructions to the jury had fatally amended the indictment. 615 F.2d 1082 (5th Cir.1980). Movant then was retried before another District Judge in the Southern District of Georgia, convicted, and sentenced in 1981. The Court of Appeals for the Eleventh Circuit affirmed this conviction May 6, 1982. 674 F.2d 1382 (11th Cir.1982).

In the current challenge under 28 U.S.C. § 2255, movant contests his conviction on three grounds he maintains were not addressed by the Eleventh Circuit Court of Appeals. First, Bizzard claims his constitutional right to confront witnesses against him was violated by the use of prior testimony of a witness ruled unavailable at the second trial. Second, he claims his right of compulsory process was violated when his subpoena of this same witness as a defense witness was not enforced. Third, he claims the government knowingly relied on false testimony in its argument to the jury. These issues will be addressed seriatim.*

Rule 4(b), 28 U.S.C. fol. § 2255, states: If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the Court or to take such other action as the judge deems appropriate.

The three issues presented by movant Bizzard must be dismissed summarily. Plaintiff claims, first, that during the second trial, his right to confront witnesses against him was violated. The grounds for this assertion are founded in the procedural history of the case. During plaintiff's first trial, his accomplice in the armed robbery for which he was convicted testified, making incriminating statements concerning the involvement of Bizzard in the perpetration of the crime. This accomplice, Mr. Middleton, was cross-examined thoroughly at that time by Mr. Bizzard's attorney. (Transcript of first trial at 51–59)

During the second trial, Mr. Middleton took the stand but refused to testify, stating that 1) he believed he had fulfilled the requirements of his plea agreement by testifying in the first trial (Transcript of second trial at 34), and 2) that he feared for his life in prison after having testified. *Id.* at 35. The undersigned Judge then directed that Mr. Middleton be removed from the stand. *Id.* at 45–47. The Court of Appeals for the Eleventh Circuit held that ruling this witness unavailable was proper in this instance according to the requirements of Rule 804(a)(2), Fed.R.Evid. That Court ruled further that defense counsel had an adequate opportunity to cross-examine the witness at a prior trial, thus concluding that the testimony met the requirements of Rule 804(b)(1), Fed.R.Evid.

In the motion pending, the question movant raises is whether this ruling of unavailability and subsequent use by the prosecution of Middleton's testimony from the first trial of Bizzard violated movant's right to confront this witness. The Confrontation Clause of the sixth amendment provides:

---

* At this point I am reminded of the words of Judge Roney in the second appellate opinion— "The defendant raises a number of challenges. Although many border on the frivolous and merit little discussion, we will address each point ..." 674 F.2d at 1385.

"In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." U.S. Const. amend. VI. The claim, then, raises the spectre of that somewhat amorphous line differentiating hearsay and Confrontation Clause analysis.

■ The United States Supreme Court on several occasions has addressed issues similar to the one posed by movant in this instance. The consensus appears to be that the Clause is not violated by the use of prior testimony where the witness currently is unavailable, as long as the prior testimony was under oath and subject to full cross-examination and the unavailability of the witness is in no way due to a lack of good faith effort on the part of the prosecution to produce the witness. *See Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1969); *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1979).

■ Moreover, it is of no consequence that the movant's attorney at his second trial was different from the one who represented him at the first trial. *Ohio v. Roberts,* 448 U.S. at 72, 100 S.Ct. at 2542. The question in all but the most extraordinary case is not one of the effectiveness of the prior cross-examination. *Id.* at 73 n. 12, 100 S.Ct. at 2543 n. 12. The question is whether, movant through his counsel having availed himself of the opportunity to cross-examine the witness, "the transcript bore sufficient 'indicia of reliability' and afforded ' "the trier of fact a satisfactory basis for evaluating the truth of the prior statement." ' " *Mancusi v. Stubbs,* 408 U.S. at 216, 92 S.Ct. at 2315, *quoting Dutton v. Evans,* 400 U.S. 74 at 89, 91 S.Ct. 210 at 220, 27 L.Ed.2d 213.

■ The Court of Appeals for the Eleventh Circuit in the context of a hearsay rule determination found that this witness was correctly ruled unavailable. *United States v. Bizzard,* 674 F.2d at 1387. For Confrontation Clause analysis, unavailability requires that the prosecution have made a good·faith effort to obtain the witness' presence at trial. *Barber v. Page,* 390 U.S. at 722–25, 88 S.Ct. at 1320–22. In the case *sub judice,* there is no evidence of any involvement on the part of the prosecution in Middleton's refusal to testify. Accordingly, this witness was properly deemed unavailable by the trial and appellate courts.

■ The unavailability of the witness coupled with the indicia of reliability provided by the transcript of prior testimony under oath and subject to cross-examination convinces this Court that the movant's right to confront witnesses against him was not violated by the admission of the prior testimony of Mr. Middleton. Accordingly, the motion under 28 U.S.C. § 2255 upon this ground is hereby DENIED.

■ Movant's second contention is that his right of compulsory process secured by the sixth amendment was denied when his subpoena of Mr. Middleton was not enforced. Mr. Middleton was excused as a witness for his refusal to testify and ruled unavailable. Enforcing the subpoena would have been an exercise in futility.

"The Sixth Amendment right to call a witness must be considered in the light of its purpose, namely, to produce testimony for the defendant. *Washington v. Texas,* [388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) ]. Calling a witness who will refuse to testify does not fulfill the purpose." *United States v. Roberts,* 503 F.2d 598, 600 (9th Cir.1974) (defense witness asserted fifth amendment privilege). *See also Myers v. Frye,* 401 F.2d 18 (7th Cir.1968); *Dodd v. the State,* 236 Ga. 572, 224 S.E.2d 408 (1976). *See generally Moore v. Beto,* 320 F.Supp. 469 (S.C.Tex.1970). This Court finds no compelling reason why the rationale should differ in this case in which the witness' refusal to testify and resultant ruling as unavailable results in no violation of the Confrontation Clause, the purpose of which the Compulsory Process Clause secures. Accordingly, the motion pursuant to 28 U.S.C. § 2255 upon this ground is hereby DENIED.

The third ground movant raises is the knowing use of false testimony by the government in its argument to the jury. The petitioner asserts his position as follows:

> The government knowingly introduced Middleton's testimony as evidence, recognizing that the prior testimony falsely described the scope and extent and motive for Middleton's plea agreement, and did not undertake to correct the false testimony. Not until late in the trial did F.B.I. Agent Fox suggest, but not fully admit, that the false statements in Middleton's original testimony had been suborned by someone other than himself. Nevertheless, the government continued to rely on the false testimony in argument to the jury. The government had an absolute duty to correct, or avoid introducing, materially false evidence.

Petitioner's motion pursuant to 28 U.S.C. § 2255, at 3.

Apparently, the falsehood petitioner believes was present in Middleton's testimony at the first trial was Middleton's identification of petitioner as the second party to the armed robbery. It appears to be his assertion, as was alluded to by counsel for Bizzard at the second trial, that Middleton was offered a guarantee or promise to seek a form of leniency (the concurrent running of any state sentence from pending state charges) if he would plead guilty and name Bizzard as his cohort in crime.

Toward this end, defense counsel at the second trial attempted to point out discrepancies in the F.B.I. case agent's testimony as to the timing and contents of the fingerprint analysis and the actual results, and the uncertainty in the agent's testimony concerning what, if any, deals were offered Middleton and by whom. The Court of Appeals for the Eleventh Circuit refused to reverse the jury decision on the point of the fingerprint evidence. 674 F.2d at 1388. It is the opinion of this Court that the testimonies of the case agent, Middleton's attorney, and the Assistant United States Attorney combine to evidence no misconduct in the conversations that led to Middleton's agreement to plead guilty and identify his co-defendant.

There simply is no evidence in the record of any suggestion that Middleton testify or identify Bizzard falsely or that he was promised anything other than a recommendation to the Court for his sentence to run concurrently with any state sentences that might stem from a pending state investigation. No guarantees were proffered, as stated in the testimony of Middleton's attorney. Transcript of second trial, at 208. Moreover, a standard part of the plea agreement set forth by the government was that Middleton agreed to testify truthfully. *Id.* at 206. Perhaps, however, the strongest refutation of petitioner's argument is that Middleton at the second trial never indicated any change in his earlier testimony. His refusal to testify was based on his belief that he had fulfilled his plea agreement and that he would be in danger in prison if he testified further against a co-defendant. *Id.* at 34, 35.

An examination of petitioner's case in this regard indicates no evidence of perjury and no evidence of the knowing use thereof by the prosecution. These two elements are essential for a claim of perjured testimony to be cognizable under 28 U.S.C. § 2255. *See Crismon v. United States,* 510 F.2d 356 (8th Cir.1975); *Steel v. United States,* 400 F.Supp. 41, 42 (1975). ("Before perjured testimony can provide grounds for the vacation of a conviction the petitioner must establish that the testimony was false, that it was material and that it was knowingly and intentionally used by the government to obtain a conviction.") Accordingly, this claim must be and is hereby DISMISSED.

Petitioner in his Motion claims that the three issues discussed above were raised to the Court of Appeals but "generally not addressed or decided." Petitioner's motion pursuant to 28 U.S.C. § 2255, at 3. The Court of Appeals, upon the direct appeal of his second conviction, stated: "We have carefully reviewed every argument and suggested argument made ... in the text and in footnotes, whether clear or opaque.

No argument, oral or written, has been overlooked. Any point not mentioned above is meritless and deserves no comment." 674 F.2d at 1389.

While it is unclear from the record whether the arguments in this motion actually were argued in that appeal, this Court has examined thoroughly the three grounds for relief asserted in this petition, in an abundance of caution with regard to the nature of the action, one pursuant to 28 U.S.C. § 2255, and the *pro se* status of petitioner. From this examination, the Court is convinced no ground for relief is presented.

Once shot in an escape attempt, this prisoner now continues his war with the society which incarcerates him in a different way. Instead of accepting responsibility for his deeds and applying himself toward rehabilitation, he pursues a dream (inculcated perhaps by his last lawyer) of legal "escape" through a "loophole" or for some hypertechnical construction of the law or facts. The courts of this district and circuit have spent many hours since the May, 1978 bank robbery safeguarding the movant's rights. Instead of assuring the prisoner that he will appear before a Court, the once noble writ of *Habeas Corpus* is sought to protect him from the courts. There must be an end to this litany. The incredible ease and related expense of a prisoner's access to the court is not more misplaced than in this case. A dedication to self-betterment and the values of his parents would serve this prisoner far better than his current rationalizations and aspiration to succeed as a "jailhouse lawyer."

Accordingly, based upon the opinion of the Court of Appeals for the Eleventh Circuit on direct review of the petitioner's second trial conviction, and the independent review of this Court of the issues enumerated, this Motion must be and is hereby DENIED. *See* Rule 4(b), 28 U.S.C. fol. § 2255.