## STATE OF ALABAMA, Plaintiff,

### v.

### Nimrod STEPHENS, Jr., Defendant.

### Civ. A. No. 94–A–1143–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Feb. 14, 1995.

Ronald L. Myers, Opelika, AL, Yvonne Annette Henderson, James H. Evans, Office of the Atty. Gen., Montgomery, AL, for State of Ala.

David L. Allred, Kenneth E. Vines, Redding Pitt, U.S. Atty., U.S. Attorney's Office, Montgomery, AL, for David Lipton.

Margaret Y. Brown, Auburn, AL, for Nimrod Stephens, Jr.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

This case is before the court on the Motion to Remand to state court filed by the defendant, Nimrod Stephens, Jr. For the reasons given hereafter, the court finds that the motion is well taken, and the case is due to be remanded.

### *FACTUAL BACKGROUND*

This involves a criminal case pending in the Circuit Court of Lee County, Alabama. When the case was set for trial, the attorney for the defendant issued a subpoena to Dr. David Lipton, an employee of the United States Department of Veterans Affairs ("VA"), directing him to appear and testify in the proceedings. The United States Attorney for the Middle District of Alabama, on behalf of Dr. Lipton, filed a Motion to Quash

Subpoena in the Circuit Court of Lee County, relying upon VA regulations which prohibit its employees from testifying in response to a subpoena without the prior written approval of a responsible VA official. No such written approval had been obtained for Dr. Lipton to testify; in fact, permission had been denied. The U.S. Attorney pointed out that the defendant had failed to comply with applicable VA regulatory procedures. The Circuit Court of Lee County denied the motion to quash the subpoena.

Following the denial of the Motion to Quash Subpoena in the state court, Dr. David Lipton, acting through the United States Attorney for the Middle District of Alabama, filed in this court a document entitled "Petition for Removal of the Subpoena Action Concerning Department of Veterans Affairs Medical Doctor David Lipton." A week later, the United States of America, on behalf of the Department of Veterans Affairs, filed in this court a Motion to Quash Subpoena, asking this court to quash the subpoena issued by the Circuit Court of Lee County to Dr. David Lipton. The defendant, Nimrod Stephens, Jr., moved to remand this case to the Circuit Court of Lee County.

## JURISDICTION

The United States contends that the removal of this action is appropriate, and that the federal court has jurisdiction of the subpoena to Dr. Lipton, because of 28 U.S.C. § 1442(a)(1), which provides as follows:

A civil or criminal prosecution commenced in a state court against any of the following persons may be removed by them to the district court of the United States for the district and division wherein it is pending:

(1) any officer of the United States or an agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The court finds that removal of the matter of enforcement of a subpoena to Dr. Lipton is premature, that this court does not have jurisdiction at this time under 28 U.S.C. § 1442(a)(1), and that this court is without authority to quash a subpoena issued by the state court.

## DISCUSSION

The only way that this court could have jurisdiction at this time would be to construe a state court subpoena to Dr. Lipton to be "a civil or criminal prosecution commenced in a state court." That would be a strained construction which this court is unwilling to adopt.

Federal courts are courts of limited jurisdiction and should guard against interfering with state court matters unless their authority to do so is clear.

The Eleventh Circuit considered federal court involvement in subpoenas issued to government employees in state criminal proceedings in the case of *State of Florida v. Cohen*, 887 F.2d 1451 (11th Cir.1989). There, a state court subpoena had been served on federal agents who, following their failure to obtain agency approval to testify under existing federal regulations, filed motions in state court to quash the subpoenas. The state court denied the motions and ordered that the subpoenas for records be obeyed to the extent of producing the records for an *in camera* review. The federal government failed to respond to the state court production order, and the state court issued an order requiring the government officials to show cause why they should not be held in contempt. At that point the case was removed to the federal district court, which accepted jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). The Eleventh Circuit agreed that federal court jurisdiction was proper, stating that:

Once the state court initiated contempt proceedings against the federal officials, removal of the contempt proceedings was appropriate.

*Id.* at 1454.

This court interprets the *Cohen* decision, which found federal court jurisdiction to be based upon the contempt proceedings, to mean that jurisdiction would not exist before that time. In this case, the United States is attempting a short-cut to bring before a fed-

eral court the issue of whether Dr. Lipton may be compelled to testify in response to a state court subpoena before Dr. Lipton has refused to testify and before he has been placed in jeopardy of being cited for contempt. While this issue may ultimately come before the federal court for determination, the delicate balance between federal and state court jurisdiction encompassed in the concept of federalism requires that this happen only as a last resort. Expediency should not change that basic jurisdictional concept, even if the evidence clearly shows that Dr. Lipton would be acting properly in refusing to testify.[1]

To ask a federal court to intervene at this stage of these proceedings is akin to an interlocutory appeal to a federal court from a ruling by a state trial judge. Federal rules and statutes do not contemplate that. Dr. Lipton has not yet refused to honor the subpoena. This court cannot assume that, for whatever reason, if the issue is pressed the VA decision might not change. Neither can the court assume that, if Dr. Lipton does refuse to appear, the state circuit judge will take further action. If Dr. Lipton refuses to testify, attachment proceedings may or may not be initiated against him under § 12–21–182, *Code of Alabama,* and contempt proceedings may or may not be initiated against him under Rule 33, *Ala.R.Crim.P.* If such proceedings are initiated, that would be the time to invoke federal jurisdiction under § 1442(a)(1). Just as the court cannot assume that the VA will not alter its position rather than expose its employee to contempt proceedings, neither can the court assume that the state court judge will attempt to impose sanctions on a federal employee who obeys his federal employer's instructions under valid agency regulations, if he is cited to the numerous authorities upholding such regulations.

Some might feel that this court is overly concerned with technicalities and that it would be better for all concerned for the court to assume jurisdiction and rule on the merits. The court, however, does not consider the relationship of federal courts and state courts to involve mere technicalities. Concepts of federal judicial restraint in matters involving state court proceedings are too important to the principles of federalism which are so basic to our form of government to be ignored, even if enforcing them might seem to unnecessarily complicate procedural matters.

### CONCLUSION

For the reasons stated, the court finds that it is without jurisdiction, that the Motion to Quash Subpoena is due to be and is hereby DENIED for want of jurisdiction, and that this cause is due to be and is hereby REMANDED to the Circuit Court of Lee County, Alabama.

The clerk is DIRECTED to take all necessary steps to effect the remand, and is further DIRECTED to advise the Circuit Court of Lee County and the attorneys for all parties to these proceedings of this order by the fastest available means.

---

1. It does appear from the evidence submitted with the motions that the defendant has not complied with the requirements of 38 C.F.R. § 14. Federal courts have consistently held that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations. *See* *e.g., Moore v. Armour Pharmaceutical Co.,* 927 F.2d 1194, 1197 (11th Cir.1991); *U.S. v. Bizzard,* 674 F.2d 1382, 1387 (11th Cir.) *cert. denied,* 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982) (rejecting constitutional challenge by criminal defendant and quashing subpoena of Department of Justice employee).