[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10407

_____

D.C. Docket No. 1:09-cr-00320-TCB-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE WASHINGTON DUNN,

Defendant-Appellant.

_____

No. 12-10672

_____

D.C. Docket No. 1:09-cr-00320-TCB-GGB-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRANT DECATUR ALLEN, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2013)

Before PRYOR and ANDERSON, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

We have carefully considered the briefs and arguments of each Appellant, and we have had the benefit of oral argument.  We cannot conclude that the district court committed reversible error.  We address in turn the several issues raised, first the issues raised by Appellant George Washington Dunn, and then the issues raised by Appellant Grant Decatur Allen, Jr.

## A.  Dunn's challenge to the district court's exclusion of Agent Kahn as a defense witness

Dunn acknowledges his obligation under 28 C.F.R. § 16.21 et. seq. (the "Touhy Regulations") to give notice to the Department of Justice of his intent to call the government agent, Douglas Kahn, to testify, and his obligation to provide a summary of the testimony sought.  Dunn did provide the required notice of his

_____

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

2

intent to call Agent Kahn as a defense witness to impeach the testimony of Grady Douglas. However, Dunn concedes that he did not give the required notice of his intent to call Agent Kahn as a witness to impeach the testimony of Alfredo Beeks. We conclude that Dunn's indication of an intent to use Agent Kahn to impeach the testimony of Douglas does not operate to satisfy the requirement of providing a summary of the testimony sought per the Touhy Regulations, when the testimony is sought to impeach Beeks rather than Douglas. This Circuit has upheld the validity of the Touhy Regulations. See United States v. Bizzard, 674 F.2d 1382, 1387 (11th Cir. 1982).

We reject Dunn's argument that the government's delay in producing Agent Kahn's report of his debriefing of Beeks should excuse Dunn from providing the required notice. Although Dunn argues that he only received Agent Kahn's report of debriefing Beeks "on the eve of trial," he had the report six or seven days before he attempted to call Agent Kahn to testify—ample time to supplement his notice regarding Agent Kahn's testimony. Moreover, we conclude that the testimony that Dunn now asserts he would have elicited from Agent Kahn is so insignificant that, even if there were error, it would be harmless.

**B. Dunn's challenge to the district court's exclusion of his character evidence**

During the testimony of Polly Biasucci, Dunn's attorney asked if the witness was familiar with Dunn's reputation in the community. The government objected,

3

and the district court granted the government's objection on the basis "previously discussed." The court later clarified that it had sustained the government's motion in limine to exclude impermissible character evidence—namely, specific instances of Dunn's good conduct in the community. Defense counsel failed to clarify the basis of the district court's ruling at the time the objection was sustained, and failed to argue that, although specific instances of good conduct were inadmissible, Dunn's reputation in the community as a law abiding citizen would have been admissible. No objection was made by defense counsel until later, after the jury had begun deliberations. We cannot conclude that Dunn has demonstrated plain error.

## C.  Dunn's challenge to the district court's admission of Rule 404(b) evidence

For several reasons we reject Dunn's argument that certain Rule 404(b) evidence should have been excluded because Dunn had no notice of the government's intent to introduce the prior bad acts. Dunn concedes that he failed to object contemporaneously. Furthermore, we doubt there was error because the evidence of his prior marijuana transactions was intrinsic to the conspiracy, but even assuming error, there was no plain error.

## D.  Dunn's remaining arguments on appeal

We reject summarily Dunn's challenge to the manner in which the district court handled voir dire. The points raised by Dunn's counsel were substantially

4

covered, and the district court gave the attorneys the opportunity for follow-up questions and counsel for Dunn asked no follow-up questions. We also summarily reject Dunn's severance argument and his argument that the district court erred in failing to give a multiple conspiracy instruction. Both arguments are frivolous.

We also reject Dunn's challenge to the sufficiency of the evidence on the gun charge. There was ample evidence to support the charge, including the fact that a gun was on the dryer next to the enclosed garage in which the jury could have found that Dunn either witnessed or participated in loading the cocaine and the cash into the secret compartment of the vehicle that Dunn drove out of the garage.

### E. Allen's argument that the jury was tainted by extrinsic information

After jury deliberations began, Juror McCorvey consulted his cousin, an attorney, with respect to the definition of conspiracy and conveyed that information to the jury. The district court questioned McCorvey, who admitted having talked with his attorney cousin but stated that what he was told did not differ from what the judge had instructed. After the district court's inquiry of McCorvey, Allen's counsel said only that he did not know what was heard, did not know what McCorvey was told or what he told the jury, and he took the position that the jury was contaminated. The district court then brought in the other eleven jurors, and ascertained that what they were told was not inconsistent with what the

court had charged the jury in the written charge (which was in the jury room during deliberations). The district court also ascertained that the jury was not affected by what McCorvey had said and that they would reach a verdict based solely on the evidence and the charge given by the district court. After the district court's colloquy with the other eleven jurors, Allen's counsel made no further objections. In particular, until this appeal, Allen's counsel never suggested that the jurors should have been interviewed individually, and never requested any additional question be asked of McCorvey or the other eleven jurors. Considering the totality of the circumstances, we cannot conclude that the district court abused its discretion in concluding that any presumption of prejudice had been rebutted.

> We consider the totality of the circumstances surrounding the introduction of the extrinsic evidence to the jury. These include: (1) the nature of the extrinsic evidence; (2) the manner in which the information reached the jury; (3) the factual findings in the trial court and the manner of the court's inquiry into the juror issues; and (4) the strength of the government's case.

Boyd v. Allen, 592 F.3d 1274, 1305 (11th Cir. 2010). With respect to the first factor—the nature of the extrinsic evidence—we agree with the district court that its nature tends toward the innocuous because what McCorvey learned from his attorney cousin and passed on to the jury was not different from what the district court charged in the jury instructions. With respect to the second factor, we do not believe (and Allen does not argue) that the manner in which the information reached the jury adds any force at all to Allen's challenge. Rather, Allen's

6

challenge focuses on the third factor—the manner of the district court's inquiry. Although we would not proffer as a model the manner of the district court's inquiry here, we are satisfied that it fairly elicited the substance of what the attorney cousin told McCorvey and the substance of what was conveyed to the other eleven jurors; moreover, Allen's counsel failed to request a more thorough inquiry. Finally, we believe that the strength of the government's case was close to overwhelming. We are satisfied that, with the exclusion of Juror McCorvey and the district court's instructions, the extrinsic evidence did not affect the jury's deliberations.

### F.  Allen's challenge to the district court's exclusion of character evidence

We cannot conclude that the district court abused its discretion in this regard. The district court properly excluded specific instances of prior good conduct. The district court allowed testimony by the witnesses who were in recovery from addiction in the facility nearby the Game Room. Only the fact of Allen's addiction and his participation in Narcotics Anonymous were excluded. In light of the fact that neither fact is inconsistent with Allen's activities in selling narcotics, and in light of the fact that Allen was actually convicted in 2007 of drug distribution (after his Narcotics Anonymous experiences in 1995), we cannot conclude that the district court committed reversible error.

### G.  Allen's remaining arguments on appeal

7

We summarily reject Allen's challenge to the district court's failure to give a multiple conspiracy instruction. Allen's prior drug convictions in 1990, 1994, and 2007 were properly admitted under Rule 404(b) as relevant to intent. The evidence with respect to the shooting at the Game Room was properly admitted as intrinsic evidence. Allen's failure to file income tax returns was properly admitted under Rule 404(b) as evidence that the Game Room was not a legitimate business. Allen's hearsay challenge to the statement by Man is without merit; it was a non-hearsay statement by a co-conspirator in furtherance of the conspiracy.[1] Allen's challenge to the sufficiency of the evidence is without merit; the evidence against Allen was close to overwhelming. Finally, Allen's challenge to his sentence is frivolous.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**

---

[1] Finding no error on the part of the district court to introduce this evidence, we reject Allen's claim of cumulative error.