**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Major BECTON, Stanley Becton, Robert Jones, Robert Pollack, Vincent Damien and Barry Mirojnick, Defendants–Appellants.**

No. 80–1630.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1980.

Dan Marlow, Oakland, Cal. for Major and Stanley Becton.

Robert Turner, Deborah Gottlieb, Houston, Tex., for Robert Jones.

Richard Thornton, Galveston, Tex., for Robert Pollack.

Nelson & Mallett, Edward A. Mallett, J. Patrick Wiseman, Houston, Tex., for Vincent Damien.

Levey & Goldstein, Gerald H. Goldstein, San Antonio, Tex., for Barry Mirojnick.

J. A. Canales, U.S. Atty., John M. Potter, Asst. U.S. Atty, Houston, Tex., for plaintiff–appellee.

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

GEE, Circuit Judge:

This expedited appeal presents two issues, a jurisdictional one of broad interest and importance and an evidentiary one of interest to the appellants only. Since the need for us to consider the latter depends on how we resolve the former, we discuss it first.

Appellants' trial on drug charges resulted in a thoroughly[1] hung jury and the consequent declaration of a mistrial. Motions for judgment of acquittal at the close of the prosecution's case, renewed after the jury's discharge, were partly granted but in main denied. When the remaining counts were set for retrial, appellants renewed their motions for acquittal and further moved to dismiss on grounds of former jeopardy, asserting that the evidence produced against them at their prior trial had been insufficient to warrant submission of the case to the jury. It is the denial of these motions that they bring to us.

Appellants' argument–and an appealing one it is–runs that had they been convicted, and had their convictions been reversed on appeal for insufficiency of supporting evidence, they could not have been again put to trial. This is correct. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). How then, they assert, can it be that where, as here, the evidence was so entirely insufficient as to produce a hung jury rather than a conviction, a retrial is yet permissible? When the prosecution's case is on, and the evidence is insufficient, why should a defendant be worse off if the jury hangs than if it improperly convicts? Stated as an abstract proposition, the argument by analogy seems unanswerable.

There are important differences between the case presented here, however, and the proposition stated; and the two apparent parallels are not really parallel at all. In the case posed of a reversed conviction, we contemplate a final decision, entered in the course of appellate review, that the prosecution has had its chance to make a case for the jury and has failed to do so. *Burks*, cited above, stands for the proposition that after such a determination by the appellate judges, the Fifth Amendment forbids a second trial, regardless of whether the defendant sought one, just as it would have had the trial judge made the same determination, refused to submit the case to the jury, and therefore necessarily entered judgment of acquittal.

Here there has been no such determination of insufficiency by any court, trial or appellate. Instead we contemplate a contrary determination by the first trial court–that the evidence *was* sufficient to warrant submission to the jury–and a mere refusal by the jury to convict. Such a refusal is an action in no wise the necessary equivalent of a decision, even by the jury, that the evidence is insufficient to warrant submission. In the first place, of course, the jury is neither equipped nor asked to make such a determination. In the second, it is a commonplace that juries can refuse to convict even on substantial evidence of guilt, while, to the contrary, judges are not to acquit unless the government has clearly failed to produce evidence supporting a conviction when viewed most favorably to the prosecution. *Burks*, 437 U.S. at 16–17, 98 S.Ct. at 2149–2150. What the appellants seek, instead, is a determination by us now–

---

1. To the degree of an *Allen* charge and three notes attesting to its deadlock.

on this interlocutory appeal before their retrial—that the evidence at the first trial was insufficient to warrant submission and that the trial judge erred in denying their motions for acquittal. This is new ground.

The procedural vehicle that brings this appeal before us is *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). There the Court decided that inferior appellate courts possess jurisdiction, under the rubric of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), to entertain appeals from pretrial orders denying dismissal on double–jeopardy grounds. The nub of the decision is that the Double Jeopardy Clause forbids a second, *trial*, not merely a second conviction. In addition, however, the Court held that another claim for dismissal made in the same motion was not reviewable, one urging insufficiency of the indictment. In so holding, the Court laid it down generally that, to be appealable under the *Cohen* rubric, claims for dismissal other than on double jeopardy grounds must themselves meet the requirements of the *Cohen* exception. Bearing the lessons of *Burks* and *Abney* in mind, we turn again to our case.

Although in form the question presented here is that of denial of a motion asserting former jeopardy, in reality and substance the appellants seek review of their motions to acquit made at the first trial. They argue that these should have been granted, since the evidence there was insufficient to support a jury submission, and that had they not been erroneously denied, no succeeding trial would have been permissible. Thus, we contemplate just such a "thinly disguised attempt to turn this [*Abney*] appeal into a plenary review of his first trial" as the Second Circuit rebuffed in *United States v. Klein*, 582 F.2d 186, 196 (2d Cir.

1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 342 (1979). We conclude we must do likewise.

■ It should be borne in mind that we do not confront the issue of reviewability; it is not an open question in this circuit that precisely this issue is subject to review on appeal from a second conviction, should one occur. *United States v. Wilkinson*, 601 F.2d 791 (5th Cir. 1979). Instead the issue is one of appealability: whether we have jurisdiction under *Cohen* and *Abney* to review at this time the decision denying the motions for acquittal at the first mistrial.[2] And if it is presently reviewable under *Cohen*, we see no apparent reason why it would not have been likewise reviewable under *Cohen* by the giving of notice of appeal when the motion was first denied, at the close of the prosecution's case in the first trial, thus halting the trial process—in the absence (perhaps) of a finding of frivolousness. See *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc). Moreover, if it is possible to take an interlocutory appeal by means of making a double–jeopardy claim grounded on any trial error or errors that it can be asserted should have resulted in an acquittal at the first trial—erroneous admission of a great body of severely damaging evidence, for example—we view the prospect of piecemeal appeals with a vengeance. We do not believe that *Cohen* and *Abney* require such a result. At all events, we do not believe that we should press those decisions to such lengths unless they ineluctably demand it.[3]

■ Among the *Cohen* factors, reiterated in *Abney*, is the requirement that the decision sought to be appealed "was not simply a 'step toward final disposition of the merits of the case [that would] be merged in final judgment,'" *Abney v. United States*,

---

**2.** No complaint is made of the declaration of a mistrial. Nor could one well be made, the jury having been hopelessly hung and the *Perez* standard of "manifest necessity" therefore satisfied. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).

**3.** We recognize that *Wilkinson, supra*, opines in dicta that the decision is interlocutorily appealable. 601 F.2d at 795. That panel did not confront the issue as we do, however, and

was not called on to struggle with it as we have. We are not bound by dicta, even of our own court. *Bruce v. Estelle*, 536 F.2d 1051, 1059 n.5 (5th Cir. 1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977). And though we accord it the greatest deference and persuasive force, mature consideration has convinced us that we should not follow it here. Dicta of the Supreme Court are, of course, another matter.

431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977), quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225. A motion for judgment of acquittal is no more than a motion for directed verdict. Such motions are in no sense collateral to the merits but are precisely directed to them. They are in fact just such steps toward their final disposition as the Court concluded did not justify a *Cohen* appeal in its language quoted above. In short, though the other *Cohen* factors are arguably present here, that discussed above is not. *Cohen* is a narrow exception, applicable to a "small class" of claims that meet all, not merely some, of its factors. 337 U.S. at 546, 69 S.Ct. at 1225. The class that we contemplate here is not a small one. Rather, it comprises all criminal trials in which a motion to acquit for insufficiency of evidence is made and denied. One of *Cohen's* factors is not present here. We therefore lack jurisdiction to consider this appeal which, though in form asserting former jeopardy, in fact raises only the denial of the motion to acquit.

In view of our disposition of this issue, we need not consider at this time the sufficiency of the evidence at the first trial. The appeal is

DISMISSED.