STATE OF CONNECTICUT *v.* JOHN SERAVALLI, JR.

STATE OF CONNECTICUT *v.* JOSEPH SERAVALLI
(10297)
(10298)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued November 9, 1982—decision released February 8, 1983

*J. Daniel Sagarin,* with whom, on the brief, were *William Barnes* and *Nancy Sobocinski,* for the appellants (defendants).

*Carl Schuman,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Mary Galvin,* assistant state's attorney, for the appellee (state).

SPEZIALE, C. J. These appeals were brought following a mistrial granted by the trial court at the defendants'[1] request when the jury before which they were tried on conspiracy to commit arson, arson, and larceny charges[2] became deadlocked. The defendants' appeal raises only two substantial issues:[3]  (1) that the evidence was insufficient to convict them on any of the charges; and (2) that the trial court's denial of their motion for judgment of acquittal placed the defendants twice in jeopardy in violation of the state and federal constitutions.[4]

---

[1] The cases of *State* v. *John Seravalli, Jr.* (docket no. 10297), and *State* v. *Joseph Seravalli* (docket no. 10298), were consolidated both for trial and on appeal to this court. We will refer to them as a single appeal in this opinion.

[2] Each defendant was charged by information with violations of (1) conspiracy to commit arson in the second degree, General Statutes §§ 53a-48 and 53a-112 (a) (1) (B); (2) arson in the second degree, General Statutes § 53a-112 (a) (1) (B); and (3) larceny in the first degree, General Statutes § 53a-122 (a) (2).

[3] The defendants also presented a claim in their brief that the larceny count should have been dismissed because the larceny statute did not apply to the facts of this case. This issue is not properly before us, for the reasons hereinafter set forth.

[4] Each defendant's preliminary statement of issues reads as follows:

"Preliminary Statement of the Issues

"1. Did the trial court err in denying the Defendant's Motion for Judgment of Acquittal.

"2. Did the trial court err in concluding there was sufficient evidence to find the Defendant guilty beyond a reasonable doubt on Count One of the Information.

On October 7, 1980, this court granted the state's motion to dismiss the appeals "except as to the defendant[s'] double jeopardy claim."[5] Of the issues stated, only the double jeopardy issue was immediately appealable to this court. *State* v. *Powell,* 186 Conn. 547, 552–53, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S.

"3. Did the trial court err in concluding there was sufficient evidence to find the Defendant guilty beyond a reasonable doubt on Count Two of the information.

"4. Did the trial court err in concluding that there was sufficient evidence to find the Defendant guilty beyond a reasonable doubt on Count Three of the Information.

"5. Does the trial court's denial of Defendant's Motion For Judgment of Acquittal place the Defendant in jeopardy twice in violation of his state and federal constitutional rights."

Issues 2, 3, and 4 clearly address only sufficiency of the evidence. Issue 1 concerns the motion for judgment of acquittal which contained two parts:

"(1) The evidence would not permit a finding of guilty beyond a reasonable doubt on any of the charges against the Defendant.

"(2) The first trial was so lengthy and expensive that to permit a second trial would be fundamentally unfair, unconsiderable, [sic] and amount to the imposition of a punishment of itself."

The first part of the motion also concerns only the sufficiency of the evidence, while the second part is the original basis for the defendants' double jeopardy claim. Issue number five specifically raises the double jeopardy claim concerning the second part of the motion.

[5] "No. 10297

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | SUPREME COURT |
| VS. | : | STATE OF CONNECTICUT |
| JOHN SERAVALLI, JR. | : | OCTOBER 7, 1980 |

### ORDER

The motion of the State to dismiss the appeal of the defendant having been heard by the Court, it is hereby

ORDERED by the Supreme Court, that said motion be and the same is hereby GRANTED, except as to the defendant's claim of double jeopardy.

By the Court,

/s/ Donald H. Dowling
CHIEF CLERK"

An identical order was made in No. 10298, *State of Connecticut* v. *Joseph Seravalli.*

838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982); *State v. Moeller,* 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979).

The double jeopardy aspect of the defendants' motions for acquittal before the trial court was that "[t]he first trial was so lengthy and expensive that to permit a second trial would be fundamentally unfair, unconsiderable [sic], and amount to the imposition of a punishment of itself." On appeal, following our dismissal of the appeal on the issues concerning sufficiency of the evidence, the defendants' original double jeopardy claim changed. The argument now presented by the defendants on appeal is that because there was insufficient evidence to convict, the double jeopardy clause bars a second trial of the defendants even though they requested the mistrial.

We recognize that this change in the argument by the defendants is an attempt to resurrect the appeal of the issues concerning sufficiency of the evidence in the guise of a double jeopardy claim; we will, nevertheless, address the appealability of the issue now raised by the defendants rather than rely solely on our previous ruling on the state's motion to dismiss.

Appeals are permitted only from final judgments. *State* v. *Powell,* supra, 550. "The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Kemp,* 124 Conn. 639, 646–47, 1 A.2d 761 (1938)." *State* v. *Powell,* supra, 551. "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are

especially inimical to the effective and fair administration of the criminal law.' *DiBella* [v. *United States,* 369 U.S. 121, 126, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962)]." *Abney* v. *United States,* 431 U.S. 651, 657, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), quoted in *State* v. *Powell,* supra, 551.

The appealable final judgment in a criminal case is ordinarily the imposition of sentence; *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980); but we have held that certain presentence orders or actions by a trial court may be considered final for purposes of appeal "where the otherwise interlocutory ruling challenged on appeal cannot, if erroneous, later be remedied by suppression of the evidence or reversal of the conviction after trial." *State* v. *Grotton,* supra, 293; *State* v. *Powell,* supra, 553; see *State* v. *Spendolini,* 189 Conn. 92, 454 A.2d 720 (1983), and cases cited therein.

In *Abney* v. *United States,* supra, the United States Supreme Court permitted an appeal from the denial of a motion to dismiss the indictment which was based on a claim of double jeopardy. The court held that denial of the motion was a "collateral order" as defined in *Cohen* v. *Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), and was a final decision under 28 U.S.C. § 1291, the federal appeal statute. In *Cohen,* a shareholder's derivative suit, the district court denied the defendant's pretrial motion to require the plaintiffs to post a security bond. The court of appeals reversed, and the United States Supreme Court ruled that the appellate court had jurisdiction over the appeal, stating: "This decision appears to fall into that small class [of cases] which finally determine claims of rights *separable from, and collateral to,* rights asserted

in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." (Emphasis added.) *Cohen* v. *Beneficial Loan Corporation,* supra, 546.

In *Abney,* the court applied the *Cohen* test above to the double jeopardy claim raised in that case, and found that it was collateral: "[T]he very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.,* whether or not [he] is guilty of the offense charged. . . . [T]he defendant makes no challenge whatsoever to the merits of the charge against him. Nor does he seek suppression of evidence. . . . Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him. [Citations omitted.] The elements of that claim are completely independent of his guilt or innocence." *Abney* v. *United States,* supra, 659–60.[6]

The court in *Abney* realized that permitting interlocutory appeals of a claim of double jeopardy might lead to assertion of many new kinds of "double jeopardy" claims as a means of obtaining interlocutory review of noncollateral issues. The court therefore stressed the limited effect of its holding: The appealable issues, however labelled, "do not extend beyond the claim of former jeopardy

[6] This court, following *Abney* v. *United States,* 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), has also permitted an interlocutory appeal based on double jeopardy claims. *State* v. *McKenna,* 188 Conn. 671, 672–75, 453 A.2d 435 (1982); *State* v. *Aillon,* 182 Conn. 124, 126, 438 A.2d 30 (1980), cert. denied, 449 U.S. 1090, 101 S. Ct. 883, 66 L. Ed. 2d 817 (1981); *State* v. *Moeller,* 178 Conn. 67, 68–69, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979).

and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss. Rather, such claims are appealable if, and only if, they too fall within *Cohen's* collateral-order exception to the final-judgment rule. Any other rule would encourage criminal defendants to seek review of, or assert, frivolous double jeopardy claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence." *Abney* v. *United States,* supra, 663. The court therefore held that Abney's challenge to the sufficiency of the indictment was not immediately appealable because "it goes to the very heart of the issues to be resolved at the upcoming trial." Id.

In the present case, the double jeopardy aspect of the defendants' motions for acquittal before the trial court was that "[t]he first trial was so lengthy and expensive that to permit a second trial would be fundamentally unfair, unconsiderable [sic], and amount to the imposition of a punishment of itself." This issue was neither briefed nor argued before us, and is therefore considered abandoned. *State* v. *Nims,* 180 Conn. 589, 590, 430 A.2d 1306 (1980). This is not, however, the double jeopardy claim presented on appeal.

As previously noted, on October 7, 1980, this court granted the state's motion to dismiss the appeals "except as to the defendant[s'] claim of double jeopardy," thereby dismissing the issues concerning sufficiency of the evidence. See footnote 5, supra. Following that dismissal, the defendants' original double jeopardy claim changed. The only double jeopardy claim now presented by the

defendants on this appeal is that when a mistrial is ordered because of a deadlocked jury, the double jeopardy clause bars retrial where there was insufficient evidence at trial to sustain a guilty verdict even though the defendants requested the mistrial.

This claim clearly "goes to the very heart of the issues to be resolved in the upcoming trial." *Abney* v. *United States,* supra, 663. It cannot possibly be considered "collateral" to the action under *Cohen* and *Abney.* The Fourth Circuit Court of Appeals stated the true nature of this type of appeal in dismissing an interlocutory appeal identical to this one: "In an effort to bring his case within the scope of *Abney,* [the defendant] has attempted to frame a completely non-collateral issue—the sufficiency of the evidence to convict him (as he has yet to be convicted, this goes directly to the merits of his case)—in terms of double jeopardy. .... In essence, he seeks to have an appellate court decide his guilt or innocence and to perform a function properly left to the trial judge, that is, determining the sufficiency of the evidence to send the case to the jury. Merely because he has chosen to characterize the issue as one of double jeopardy, however, does not require this court to review it . . . ." *United States* v. *Ellis,* 646 F.2d 132, 134 (4th Cir. 1981).

We stress here that the only question before us is whether this appeal is to be permitted at this time. Unquestionably, the defendants have a right to challenge the sufficiency of the evidence in the first trial, if they are convicted after a second trial. *United States* v. *Wilkinson,* 601 F.2d 791 (5th Cir.

1979).[7] If the evidence is found to be insufficient on appeal, it is equally clear that they may not be retried thereafter. *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).[8] For purposes of this appeal, however, we are unwilling to extend the rule of *Cohen* to include *noncollateral* double jeopardy claims. *"Cohen* is a narrow exception, applicable to a 'small class' of claims that meet all, not merely some, of its factors. [*Cohen v. Beneficial Industrial Loan Corporation,* supra, 546.] The class that we contemplate here is not a small one. Rather, it comprises all criminal trials

---

[7] Although there is dictum in *United States* v. *Wilkinson,* 601 F.2d 791 (5th Cir. 1979), that a denial of a motion to dismiss on double jeopardy grounds is appealable after the first trial, this dictum was rejected by the same court in *United States* v. *Becton,* 632 F.2d 1294, 1296 (5th Cir. 1980).

[8] Before this court, the defendants presented a superficially attractive argument on the basis of *Burks* v. *United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), and *Abney* v. *United States,* 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). They correctly stated that had they been convicted at trial, and had that conviction been reversed on appeal for insufficiency of the evidence, no retrial would be possible. *Burks* v. *United States,* supra, 18. Why, they asked, should they be more likely to face retrial when they persuaded some jurors of the insufficiency of the evidence, thereby producing a hung jury, than they would have if they had convinced no jurors, were convicted, and then had an appellate court rule the evidence insufficient? The flaw in this argument is twofold. First, a refusal by a jury to convict does not necessarily mean that the evidence was insufficient to convict as a matter of law. If that were the case, no retrial would ever be possible after a hung jury. Second, in *Burks,* there was a conviction and a final judgment, followed by an appellate court finding that the evidence was insufficient to convict. In this case there has been no finding that the evidence was insufficient. The only judicial determination of the issue, by the trial court in denying the motion for judgment of acquittal, was that the evidence was not insufficient. The defendants argue, in effect, that even one juror may confer jurisdiction on this court to review an interlocutory order by simply refusing to convict. Seen in this light, the proposition is without merit, and we reject it. See *United States* v. *Becton,* 632 F.2d 1294, 1295–96 (5th Cir. 1980), where the same argument was made and rejected.

in which a motion to acquit for insufficiency of the evidence is made and denied. One of *Cohen's* factors is not present here. We therefore lack jurisdiction to consider this appeal which, though in form asserting former jeopardy, in fact raises only the denial of the motion to acquit." *United States* v. *Becton,* 632 F.2d 1294, 1297 (5th Cir. 1980).

We hold that the denial of the defendants' motion for judgment of acquittal based upon the insufficiency of the evidence following a mistrial because of a deadlocked jury is not appealable as a collateral order raising a claim of double jeopardy which would be entitled to treatment as a final judgment.[9]

The appeals are dismissed for lack of jurisdiction.

In this opinion PARSKEY, SHEA and GRILLO, Js., concurred.

PETERS, J. (dissenting). The majority opinion states that, upon conviction after a second trial, the defendants will have an adequate opportunity to challenge the sufficiency of the evidence in the first trial. If that challenge is successful, "they may not be retried thereafter." I infer that this language is intended to indicate that the conviction on the second trial must then be set aside, no mat-

---

[9] The defendants have cited no precedent which contradicts our holding in this case. Every case cited by the defendants concerns an appeal following a final judgment, i.e., a conviction and sentence. The state, however, has cited several cases which considered the precise issue decided here, and in each of those cases, the court dismissed the appeals for lack of jurisdiction. *United States* v. *Ellis,* 646 F.2d 132 (4th Cir. 1981); *United States* v. *Becton,* 632 F.2d 1294 (5th Cir. 1980); *United States* v. *Carnes,* 618 F.2d 68 (9th Cir. 1980); *Rafferty* v. *Owens,* 82 App. Div. 2d 582, 442 N.Y.S.2d 571 (1981).

ter how much evidence of guilt was there adduced, because otherwise the double jeopardy claim could never be vindicated at all.

I have two difficulties with the approach taken by the majority. One is a minor, but practical, problem. It will not be easy, factually or analytically, on appeal after a second conviction, to raise the sufficiency of the evidence at the first trial. Arguably that minor difficulty should give way to the unquestionable undesirability of allocating scarce judicial resources to a full appeal after every mistrial. The second difficulty strikes me as insuperable, however. As we have only recently reiterated in *State* v. *Spendolini,* 189 Conn. 92, 454 A.2d 720 (1983), the constitutional protection against double jeopardy affords to a defendant "a right not to be tried." See *United States* v. *MacDonald,* 435 U.S. 850, 860n, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978); *Abney* v. *United States,* 431 U.S. 651, 659, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); *Price* v. *Georgia,* 398 U.S. 323, 331, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970). A double jeopardy claim is entitled to adjudication before rather than after retrial. See *Abney* v. *United States,* supra. Since, as the majority opinion in this case concedes, the defendants have stated colorable double jeopardy claims under *Burks* v. *United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), I do not understand how the defendants can constitutionally be deprived of their right to be heard on these claims now. Vindication of their claims after another trial can never restore to them their right not to be twice placed in jeopardy.

I therefore must dissent from the position that we have no jurisdiction to hear the defendants'

double jeopardy claims on this appeal. Since the merits of their claims about the sufficiency of the evidence may reach this court at another time, I limit this dissent to the jurisdictional question.