## STATE OF CONNECTICUT *v.* MATTHEW QUINTILIANO (12049)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and MENT, Js.

Argued November 8, 1983—decision released April 10, 1984

*Salvatore C. DePiano,* with whom was *Edward F. Czepiga II,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, with whom, on the brief, were *John J. Kelly,* state's attorney, and *Robert B. Millman,* legal intern, for the appellee (state).

SPEZIALE, C. J. This case was heard together with another case decided this date. *State* v. *Sanabria,* 192 Conn. 671, 474 A.2d 760 (1984).

The defendant, Matthew Quintiliano, has appealed from the trial court's denial of his motion to quash an order summoning and impaneling a grand jury. Because we hold that the denial of the defendant's motion to quash is not a final judgment, we dismiss the appeal sua sponte.

On February 16, 1983, the defendant was arrested and charged with murder in violation of General Statutes § 53a-54a (a), in connection with the death of his

wife, Sally Quintiliano, on February 11, 1983. On March 14, 1983, the trial court issued an order to summon and impanel a grand jury to consider indictment on that charge. The defendant then moved to quash that order, claiming that amendment seventeen to the constitution, certified by the secretary of the state on November 24, 1982, was self-executing and that it had abolished the grand jury. The trial court denied that motion and the defendant appealed.

The history of the grand jury and its common law, statutory, and constitutional bases are explained more fully in *State* v. *Sanabria,* supra, 674–80. It suffices to say that from its original adoption in 1818, the Connecticut constitution had provided that no person may be held to answer for any crime punishable by death or life imprisonment unless first indicted by a grand jury. See Conn. Const., art. I § 8. The General Statutes also required a grand jury indictment as a precondition to trial for such charges. General Statutes § 54-45.

In November, 1982, however, the voters adopted amendment seventeen to the Connecticut constitution. Amendment seventeen repealed the grand jury provisions that had been a part of article first, § 8. It also amended article first, § 8 to provide that for all charges punishable by death or life imprisonment the court must order a hearing to determine if probable cause exists to bring the defendant to trial. *State* v. *Sanabria,* supra, 675–80. The substance of the defendant's claim is that because the constitutional grand jury provision was repealed in November, 1982, the state was without authority to present him before a grand jury for a charge lodged in February, 1983.

"In Connecticut an appeal is purely a statutory privilege accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the

appeal are met. *State* v. *Audet,* 170 Conn. 337, 341–42, 365 A.2d 1082 (1976); *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715 (1948). Sections 52-263 and 51-197a of the General Statutes provide that a party who is aggrieved by an order or decision of the trial court may appeal from the court's final judgment." *State* v. *Longo,* 192 Conn. 85, 87–88, 469 A.2d 1220 (1984).

"The appealable final judgment in a criminal case is ordinarily the imposition of sentence . . . ." *State* v. *Seravalli,* 189 Conn. 201, 205, 455 A.2d 852 (1983); quoted in *State* v. *Longo,* supra, 89; *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); see also *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). Certain presentence orders are deemed final for purposes of appeal, however, and may be appealed immediately. The appropriate test for finality was enunciated in *State* v. *Curcio,* supra. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31. *State* v. *Longo,* supra, 89; *State* v. *Southard,* 191 Conn. 506, 509–10, 467 A.2d 920 (1983).

In *State* v. *Curcio,* supra, we held that the denial of a motion to quash the summoning and impaneling of a grand jury does not satisfy the first prong of that test because grand jury proceedings were a "mandated step in the process of bringing the accused to final adjudication. By no means were they separate and distinct from it." Id., 33. It follows that the denial of this defendant's motion fails the first prong of the test for finality for the same reason.

It is also unsuccessful with regard to the second prong. "The exception to the rule that sentencing is the final judgment in a criminal case is applicable only where we find that a cognizable legal right to which the appellant was plausibly entitled would be lost if appellate review were delayed." Id., 34. In this instance the defendant has failed to demonstrate plausibly that he has a right to the relief that he seeks. The issue before the trial court and again on appeal is whether the defendant had a right not to be presented before a grand jury. The defendant did not specifically ask the trial court for a probable cause hearing and he has not claimed error in the trial court's failure to order one. His only claim is that he had a right not to be presented before the grand jury. At the time of the appeal General Statutes § 54-45 authorized that a grand jury be impaneled to consider indictment for all crimes for which the punishment might be death or life imprisonment. Although amendment seventeen to the constitution repealed the constitutional grand jury provision as of November 24, 1982, it did not nullify the statutory grand jury provisions of § 54-45. *State* v. *Sanabria,* supra, 694. Because the defendant was charged with a crime punishable by life imprisonment, there existed valid statutory authorization for grand jury review. Thus, the defendant cannot plausibly show that he had a right to avoid grand jury presentment. The order denying the defendant's motion to quash, therefore, is not a final judgment and we have no jurisdiction to hear an appeal from it.

The appeal is dismissed sua sponte.

In this opinion the other judges concurred.