**Steven Wade UNDERWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–91–222–CR.**

Court of Appeals of Texas, Waco.

April 17, 1992.

J. Dwight Carmichael, Whitney, for appellant.

Dale Hanna, County Atty., Cleburne, Bill J. Moore, Asst. Dist. and County Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

### ORDER

THOMAS, Chief Justice.

Steven Underwood was tried before a jury for driving while intoxicated. He "rested" his case without calling any witnesses. After almost six hours of deliberations, the jury informed the court that it was "deadlocked." Underwood notified that court that he wanted to make a motion for a directed verdict. The court declared a mistrial. Underwood then moved for an directed verdict of an acquittal, claiming that the evidence was insufficient to support a conviction. He attempts to appeal from the denial of his motion.

We dismiss the appeal for want of jurisdiction:

> Denials of motions to acquit are not interlocutorily appealable because, being nothing more than a motion for a directed verdict, they are not collateral to the merits but are instead "precisely directed" to them.... Indeed, by this appeal this Court is asked to decide whether the evidence is sufficient and the denial of the acquittal motion erroneous.... An appellate determination of the sufficiency of the evidence properly lies in an appeal after final judgment.

See *United States v. Rey*, 641 F.2d 222, 225 (5th Cir.), *cert. denied*, 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981); *United States v. Becton*, 632 F.2d 1294, 1296–97 (5th Cir.1980), *cert. denied*, 454 U.S. 837, 102 S.Ct. 141, 70 L.Ed.2d 117 (1981).