STATE OF CONNECTICUT *v.* NICHOLAS RUSSO
(AC 19291)

O'Connell, C. J., and Foti and Spear, Js.

Considered April 14—officially released June 15, 1999

*Kevin T. Kane*, state's attorney, in support of the motion.

*Hugh F. Keefe*, in opposition to the motion.

*Opinion*

SPEAR, J. The defendant, Nicholas Russo, has appealed to this court from the order of the trial court that denied his motion for suspension of prosecution and for treatment for alcohol or drug dependency. We conclude that the appeal is premature and, therefore, grant the state's motion to dismiss.

The defendant pleaded not guilty to four counts of obtaining controlled substances through fraud and deceit in violation of General Statutes § 21a-266 (a) (1) and four counts of forgery in the second degree in violation of General Statutes § 53a-139. On September 23, 1998, the defendant filed a motion for examination

for alcohol or drug dependency,[1] which the trial court granted. Subsequent to the examination, the defendant filed a motion for suspension of prosecution and for treatment pursuant to General Statutes §§ 17a-695 and 17a-696.[2] The trial court denied the defendant's motion for suspension of prosecution and for treatment, and the defendant appealed. Pursuant to *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), the state moved to dismiss the appeal for lack of a final judgment.

Generally, the appealable final judgment in a criminal case is the imposition of the sentence. *State* v. *Seravalli*, 189 Conn. 201, 205, 455 A.2d 852, cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983). Certain interlocutory orders, however, may be appealable. Under the final judgment test established in *State* v. *Curcio*, supra, 191 Conn. 31, "[a]n otherwise interlocutory order is appealable in two circumstances: (1)

[1] General Statutes § 17a-693 provides: "The court, on its own motion or on motion of the state's attorney or a person charged with a crime or convicted of a crime but not yet sentenced, may order, if the interests of justice will be served, that such person be examined, pursuant to the provisions of section 17a-694, to determine if the person is alcohol-dependent or drug-dependent and eligible for treatment under section 17a-696 or 17a-699. A probation officer may order that such an examination be conducted as part of a presentence investigation conducted pursuant to the provisions of section 54-91a."

[2] General Statutes § 17a-695 provides: "After receipt by the court of the examination report, the accused person may make a motion for suspension of prosecution and an order of treatment for alcohol or drug dependency pursuant to the provisions of section 17a-696. Unless the opportunity for a hearing is waived by both the accused person and the state's attorney, the court shall hear the motion. The clinical examiner shall not be required to be present to testify on the report unless the presence of the clinical examiner is requested by the court, the accused person or the state's attorney."

General Statutes § 17a-696 (b) provides in relevant part: "The court may order suspension of prosecution and order treatment for alcohol or drug dependency . . . if it, after considering information before it concerning the alcohol or drug dependency of the person . . . finds that (1) the accused person was an alcohol-dependent or drug-dependent person at the time of the crime, (2) the person presently needs and is likely to benefit from treatment for the dependency, and (3) suspension of prosecution will advance the interests of justice. . . ."

where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them."

The first prong of *Curcio*, on which the defendant relies, "requires the order being appealed to be severable from the central cause to which it is related so that the main action can 'proceed independent of the ancillary proceeding.' *State* v. *Parker*, [194 Conn. 650, 654, 485 A.2d 139 (1984)]; *Potter* v. *Appleby*, 136 Conn. 641, 643, 73 A.2d 819 (1950)." *In re Juvenile Appeal (85-AB)*, 195 Conn. 303, 307, 488 A.2d 778 (1985). The defendant asserts that, unlike an order denying an application for accelerated rehabilitation or for youthful offender treatment, the trial court order here terminates a "separate and distinct proceeding." He reasons that this is so because (1) a full evidentiary hearing must be had, unless waived, (2) the accused person must undergo a rigorous examination to qualify for the program and (3) there is no "automatic" dismissal possible at the end of the program; rather, the defendant must petition the court for a dismissal and such petition may be denied. These factors indeed make the proceedings here different from those where accelerated rehabilitation or youthful offender status is sought, but those differences do not make these proceedings "separate and distinct" under *Curcio*. Here, the order is not severable from the central cause of action because the state could not go forward with the defendant's prosecution if this court were to hold that the defendant could properly appeal from the denial of his motion for suspension of prosecution and for treatment. Thus, the first prong of *Curcio* is not satisfied.

Under the second prong of *Curcio*,[3] "the defendant must do more than show that the trial court's decision

---

[3] The defendant concedes that the denial of his motion for suspension of prosecution and for treatment does not satisfy the second prong of *Curcio*.

threatens him with irreparable harm. The defendant must show that that decision threatens to abrogate a right that he or she *then* holds." (Emphasis in original.) *State* v. *Longo*, 192 Conn. 85, 91, 469 A.2d 1220 (1984). Our Supreme Court has stated that, "[e]xcept in double jeopardy cases; *Abney* v. *United States*, [431 U.S. 651, 659–60, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)]; a defendant does not enjoy a 'right not to be tried.' See *United States* v. *MacDonald*, [435 U.S. 850, 860 n.7, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978)]." *State* v. *Spendolini*, 189 Conn. 92, 96, 454 A.2d 720 (1983). The statutes concerning suspension of prosecution and treatment for alcohol or drug dependency do not create such a right. Thus, the second prong of *Curcio* is not satisfied, as the defendant holds no right that would be irreparably lost absent interlocutory review of the order denying his motion for suspension of prosecution and for treatment. Accordingly, because the denial of the defendant's motion for suspension of prosecution and for treatment does not satisfy either prong of *Curcio*, it is not a final judgment, for purposes of appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

Despite the defendant's concession, however, we discuss the second prong of *Curcio* to provide guidance to the members of the bar.