# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50196

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2015

Lyle W. Cayce
Clerk

CLEOPATRA DE LEON; NICOLE DIMETMAN;
VICTOR HOLMES; MARK PHARISS,

Plaintiffs–Appellees,

versus

GREG ABBOTT, in His Official Capacity as Governor of the State of Texas;
KEN PAXTON, in His Official Capacity as Texas Attorney General;
KIRK COLE, in His Official Capacity as Commissioner of the Texas
Department of State Health Services,

Defendants–Appellants.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The plaintiffs are two same-sex couples who seek to marry in Texas or to have their marriage in another state recognized in Texas. They sued the state defendants seeking (1) a declaration that Texas's law denying same-sex couples the right to marry, set forth in Article I, § 32 of the Texas Constitution and, *inter alia*, Texas Family Code §§ 2.001 and 6.204, violates the Due Process and

No. 14-50196

Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983 and also seeking (2) a permanent injunction barring enforcement of Texas's laws prohibiting same-sex couples from marrying. On February 26, 2014, the district court issued a preliminary injunction prohibiting the state from enforcing any laws or regulations prohibiting same-sex couples from marrying or prohibiting the recognition of marriages between same-sex couples lawfully solemnized elsewhere. The court immediately stayed its injunction while the state appealed. After full briefing, including participation by numerous *amici curiae*, this court heard expanded oral argument on January 9, 2015.

While this appeal was under submission, the Supreme Court decided *Obergefell v. Hodges*, No. 14-556, 2015 U.S. LEXIS 4250 (U.S. June 26, 2015). In summary, the Court declared that

> the right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty. The Court now holds that same-sex couples may exercise the fundamental right to marry. No longer may this liberty be denied to them. *Baker v. Nelson* [, 409 U.S. 810 (1972),] must be and now is overruled, and the State laws challenged by petitioners in these cases are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples.

*Id.* at *41–42. "It follows that the Court must also hold—and it now does hold—that there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id.* at *50.

Having addressed fundamental rights under the Fourteenth Amendment, the Court, importantly, invoked the First Amendment, as well:

> Finally, it must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be

2

condoned. The First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered. The same is true of those who oppose same-sex marriage for other reasons. In turn, those who believe allowing same-sex marriage is proper or indeed essential, whether as a matter of religious conviction or secular belief, may engage those who disagree with their view in an open and searching debate. The Constitution, however, does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex.

*Id.* at *48–49.

*Obergefell*, in both its Fourteenth and First Amendment iterations, is the law of the land and, consequently, the law of this circuit[1] and should not be taken lightly by actors within the jurisdiction of this court. We express no view on how controversies involving the intersection of these rights should be resolved but instead leave that to the robust operation of our system of laws and the good faith of those who are impacted by them.

In response to *Obergefell*, the same day it was announced, the district court *a quo* issued a one-paragraph order entitled "Order Granting Plaintiffs' Emergency Unopposed Motion To Lift the Stay of Injunction," stating that it "hereby LIFTS the stay of injunction issued on February 26, 2014 . . . and enjoins Defendants from enforcing Article I, Section 32 of the Texas Constitution, any related provisions in the Texas Family Code, and any other laws or regulations prohibiting a person from marrying another person of the same sex or recognizing same-sex marriage." This court sought and promptly received

---

[1] If it were suggested that any part of the quoted passages is *obiter dictum*, we need only recall that although "[w]e are not bound by dicta, even of our own court [,] [d]icta of the Supreme Court are, of course, another matter." *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980). "[W]e give serious consideration to this recent and detailed discussion of the law by a majority of the Supreme Court." *Geralds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (Reavley, J.).

## No. 14-50196

letter advisories from plaintiffs and the state, asking their respective positions on the proper specific disposition in light of *Obergefell*.   Because, as both sides now agree, the injunction appealed from is correct in light of *Obergefell*, the preliminary injunction is AFFIRMED.  This matter is REMANDED for entry of judgment in favor of the plaintiffs.  The court must act expeditiously on remand and should enter final judgment on the merits (exclusive of any collateral matters such as costs and attorney fees) by July 17, 2015, and earlier if reasonably possible.[2]

The mandate shall issue forthwith.

---

[2] Any pending motions are denied as moot.