**Reversed and Remanded and Per Curiam Opinion filed July 28, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00899-CV
NO. 14-14-00932-CV

**MAYOR ANNISE PARKER AND CITY OF HOUSTON, Appellants**

**V.**

**JACK PIDGEON AND LARRY HICKS, Appellees**

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2014-61812**

## PER CURIAM OPINION

Appellees Jack Pidgeon and Larry Hicks (collectively, Appellees) sued to enjoin Mayor Annise Parker and the City of Houston (collectively, the City) from providing employee benefits to the same-sex spouses of employees legally married in another state. Appellees relied on provisions of the Texas Constitution and Family Code banning recognition of same-sex marriage in Texas, declaring same-

sex marriages against public policy and void, and prohibiting political subdivisions from giving effect to same-sex marriages from other states. *See* Tex. Const. art. I, § 32; Tex. Fam. Code § 6.204. The trial court signed a temporary injunction requested by the Appellees,[1] determining that:

> 4. Spending funds in that manner will recognize a union between two people of the same sex as a status identical to the Texas Constitution's definition of marriage. That expenditure is thus barred by the Texas Constitution.
>
> 5. Spending funds in that manner recognizes and validates a marriage between persons of the same sex. That expenditure is thus barred by the Family Code.
>
> 6. Spending funds in that manner gives effect to a right or claim to benefits asserted as the result of a marriage between persons of the same sex. That expenditure is thus barred by the Family Code.
>
> 7. Spending funds in that manner will furnish employment benefits to persons who are not an employee's legal spouse or dependent children. That expenditure is thus barred by the City's charter.

Thus, the trial court concluded that "[t]he City is prohibited from furnishing benefits to persons who are married in other jurisdictions to City employees of the same sex."

In light of recent decisions from the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit,[2] we conclude that we must reverse the trial court's injunction. In *Obergefell*, the United States Supreme Court determined that "same sex couples may exercise their fundamental right to marry

---

[1] The City challenged Appellees' standing to sue. Appellees' pleading that they are residents of Houston, Texas, Harris County, and "taxpayer[s] . . . residing within the boundaries of the City of Houston and Defendants are expending significant public funds on an illegal activity," construed liberally, supports Appellees' standing to sue as taxpayers without showing a particularized injury. *See Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex. (IRCOT)*, 418 S.W.3d 263, 267–68, 274 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (op. on reh'g).

[2] *See Obergefell v. Hodges*, 135 S. Ct. 2584 (2015); *DeLeon v. Abbott*, No. 14-50196, — F.3d—, 2015 WL 4032161 (5th Cir. July 1, 2015).

2

in all States." *Obergefell*, 135 S. Ct. 2584, 2604–05, 2607 (2015). The United States Supreme Court held that "there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Id.* at 2607–08. Further, in *DeLeon*, a federal district court found that article I, section 32 of the Texas Constitution and Texas Family Code section 6.204 are unconstitutional and enjoined the State of Texas from enforcing them; the United States Court of Appeals for the Fifth Circuit affirmed the trial court's determination in light of *Obergefell*. *DeLeon*, No. 14-50196, —F.3d—, 2015 WL 4032161, at **1–2 (5th Cir. July 1, 2015).

Because of the substantial change in the law regarding same-sex marriage since the temporary injunction was signed,[3] we reverse the trial court's temporary injunction and remand for proceedings consistent with *Obergefell* and *DeLeon*.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.

---

[3] We have broad discretion to remand a case in the interest of justice after reversing the trial court's judgment. *See* Tex. R. App. P. 43.3(b); *Ahmed v. Ahmed*, 261 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Chrismon v. Brown*, 246 S.W.3d 102, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We may exercise our discretion to remand as long as there is a probability that the case, for any reason, has not been fully developed. *See Ahmed*, 261 S.W.3d at 196.